UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTINA M. WAGNER, | ) | Case No. 1:09 CV 1115 |
| | ) | |
| Plaintiff, | ) | Judge Sara Lioi |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | OF MAGISTRATE JUDGE |
| COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | Magistrate Judge James S. Gallas |
| | ) | |

In a prior Social Security decision dated July 22, 1993, Christina M. Wagner, whose birth date is October 21, 1975, was awarded childhood disability supplemental security income (SSI) effective February 6, 1992, when she was 16 years of age. (Tr. 29-40).  Wagner was found to be disabled due to her borderline intellectual functioning, adjustment disorder, obesity, asthma, and speech difficulty (Tr. 29-40).

Wagner continued to receive supplemental security benefits past her 18th birthday and these benefits continued until she was 28 years old. On June 24, 2004 the Social Security Administration reviewed her case and determined that the medical evidence showed medical improvement (Tr. 41).  On that same day a "Notice of Disability Cessation" was sent to Wagner stating that her health had improved since that time her case was last reviewed and that this review indicated that Wagner could now work (Tr. 42-44).  Wagner, however, maintained that she remained disabled, and exercised her administrative appeals to challenge a cessation of SSI benefits (Tr. 45). This matter came before a Disability Hearing Officer, who on August 19, 2005 determined that Wagner's disability had  ceased in June 2004, because "claimant's condition had

2

improved since the comparison point decision (CPD) date of 7-22-93 and her impairment does not significantly interfere with her ability to perform substantial work activity." (Tr. 46). Wagner's request for review was denied on reconsideration on August 24, 2005 (Tr. 69), and on October 24, 2005, Wagner requested a hearing before an ALJ. (Tr. 74). Following a February 21, 2008 hearing, on April 4, 2008, an ALJ determined that Wagner's disability had ceased effective June 1, 2004 (Tr. 8-19). This decision became the final decision of the Commissioner following the Appeals Council's denial of review. See 20 C.F.R. §416.1481. Wagner now appeals the administrative denial of SSI under 42 U.S.C. §1383(c)(3). This matter has been referred to the undersigned for report and recommend disposition pursuant to Local Rule 72.2.

**I. ALJ's Findings:**

The ALJ found that Wagner is severely impaired due to borderline intellectual functioning, adjustment disorder, asthma, degenerative disc disease of the thoracic spine and obesity (Tr. 13). The ALJ's conclusion was that "[a]fter careful consideration of the entire record, . . . since June 1, 2004 the claimant has had the residual functional capacity to perform medium work as defined in 20 C.F.R. §416.967(c). . . . Claimant must avoid concentrated exposure to smoke, fumes and extreme heat. She can only occasionally perform stooping. She can only perform simple routine work with directions given orally. She can only engage in superficial interaction with both coworkers and the public without negotiation or confrontation" (Tr. 15). Based on a vocational expert's testimony from the administrative hearing, the ALJ found that Wagner could work as a bagger, order picker, and hand packer and that these jobs exist in substantial numbers in the local and national economies (Tr. 18).

3

**II.  Wagner's Contentions:**

1. CDR [Continuing Disability Review]: The ALJ erroneously ruled that Wagner's case was a "redetermination" and not a continuing disability review.

2. Vocational-Expert testimony: The ALJ violated SSR 00-4p.

3. Education: The ALJ made harmful errors regarding Wagner's education.

**III.  Standard of Review:**

Judicial review is limited to "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009). Substantial evidence is more than a scintilla of evidence, but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971)). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 604 (6th Cir.2009) (quoting *Richardson v. Perales*, 402 U.S. at 401).

**IV.  Incorrect Legal Standard- Redetermination vs. Continuing Disability Review:**

This first of Wagner's three challenges is her argument against the ALJ's application of the incorrect legal standard. The ALJ confused a continuing disability review with a redetermination. The ALJ explained at the outset that the purpose of this administrative adjudication was to "redetermine" whether Wagner remained eligible for adult SSI following

4

attaining the age of 18 with reference to 20 C.F.R. §416.987(b) and §416.920(c) (Tr. 12). [1]

Wagner is correct that the ALJ erred in adjudicating a redetermination when the matter before the ALJ was a continuing disability review. (See Tr. 11-13, 19).

*A. Continuing Disability Review:*

Both redetermination and continuing disability review are both administrative procedures applicable to SSI beneficiaries that may terminate benefits.  Continuing disability review has its foundation in 42 U.S.C. §421(i) and §1382c(a)(4) with medical improvement as a key factor in the evaluation process. [2]  Congress mandated that the Commissioner or state agency review "any

---

[1]  **416.987 Disability redeterminations for individuals who attain age 18.**

(a) Who is affected by this section?
(1) We must redetermine your eligibility if you are eligible for SSI disability benefits and:
(I) You are at least 18 years old; and
(ii) You became eligible for SSI disability benefits as a child (i.e., before you attained age 18); and
(iii) You were eligible for such benefits for the month before the month in which you attained age 18.
(2) We may find that you are not now disabled even though we previously found that you were disabled.

(b) What are the rules for age–18 redeterminations? **When we redetermine your eligibility, we will use the rules for adults (individuals age 18 or older) who file new applications explained in §§ 416.920(c) through (g).** We will not use the rule in § 416.920(b) for people who are doing substantial gainful activity, and we will not use the rules in § 416.994 for determining whether disability continues. If you are working and we find that you are disabled under § 416.920(d) or (g), we will apply the rules in §§ 416.260ff. (emphasis supplied).

20 C.F.R. § 416.987(a) &(b).

[2]  42 U.S.C. 1382c(a)(4),  which closely parallels 42 U.S.C. 423(f) governing disability benefit termination, is a  very detailed subsection governing termination of SSI benefits which begins:

A recipient of benefits based on disability under this subchapter may be determined not to be entitled to such benefits on the basis of a finding that the physical or mental impairment on the basis of which such benefits are provided has ceased, does not exist, or is not disabling only if such finding is supported by--

(A) in the case of an individual who is age 18 or older--
(i) substantial evidence which demonstrates that--
(I) there has been any medical improvement in the individual's impairment or combination of impairments (other than medical improvement which is not related to the individual's ability to

5

case where an individual is or has been determined to be under a disability. . . for purposes of continuing eligibility" 42 U.S.C. §421(i)(1). Congress set the standards for this review in 42 U.S.C. §1382c(a)(4), and the Commissioner has developed a sequential evaluation procedure for adult SSI continuing review claims entailing the seven steps of 20 C.F.R. §416.994(b)(5).[3] At each step a favorable finding concludes this review in the beneficiary's favor.  At step one, the ALJ determines whether an impairment or combination of impairments meets or equals a listed impairment from the Listing of Impairments of Appendix 1 of subpart P.  At step two, if no impairment meets or equals a listed impairment, then the ALJ is to consider whether there has been medical improvement as defined in §415.994(b)(1)(i). At step three, if there has been medical improvement, the ALJ must determine if it is related to the ability to work.  At step four, the ALJ must consider whether any of the exceptions from §416.994(b)(3) and (4) apply. At step five, if none of the exceptions apply, then the ALJ must consider the combined effect of the beneficiary's impairments on residual functional capacity and whether they significantly limit the ability to perform basic work activities.  At step six the ALJ considers whether the beneficiary can perform past relevant work, and at the final step seven, the ALJ considers vocational evidence about whether the beneficiary can perform other work. See 20 C.F.R. §416.994(b)(5).

---

work), and
(II) the individual is now able to engage in substantial gainful activity; or * * *

42 U.S.C.A. § 1382c(a)(4)

[3] Wagner argues that this analysis entails eight steps. Her argument is mistaken because an 8-step procedure applies to disability claims, but a *7-step* procedure applies to supplemental security income claims. Compare 20 C.F. R. §404.1594(f)(continuing disability under Title II ); to 20 C.F.R. §416.994(b)(5)(continuing disability under Title XVI supplemental security income).  The difference is that the first factor from Title II determinations of whether the beneficiary is engaging in substantial gainful activity is inapplicable to SSI continuing disability determinations.

*B. Redetermination:*

Redetermination in contrast is not a continuing review process, but a one-time event. SSI Redeterminations are rooted in 42 U.S.C. §1382c(a)(3)(H)(iii), which is the current codification. Redeterminations were one of the major realignments of Social Security law under Public Law 104-193, commonly known as the Personal Responsibility and Work Opportunity Reconciliation Act of 1996 (PRWORA).[4] This act requires redetermination of SSI beneficiary eligibility within one year after the individual attains the age of 18. See 65 FR 54747-1, 2000 WL 1275708 (Sep. 11, 2000). The time period for conducting redetermination was expanded by the Balanced Budget Act of 1997, to permit redetermination either during the one-year period, or in lieu of a continuing disability determination, whenever the agency determined that the beneficiary's case was subject to redetermination. See 65 FR 54747-1 at 57549 (citing Pub. L. 105-33, §5522(a)(1); Social Security Act § 1614(a)(3)(H)(iii)[42 U.S.C. §1382c(a)(3)(H)(iii)].

*C. Current Law:*

---

[4] 42 U.S.C.A. § 1382c (a)(3)(H)(iii) provides:

(iii) If an individual is eligible for benefits under this subchapter by reason of disability for the month preceding the month in which the individual attains the age of 18 years, the Commissioner shall redetermine such eligibility--

(I) by applying the criteria used in determining initial eligibility for individuals who are age 18 or older; and

(II) either during the 1-year period beginning on the individual's 18th birthday or, in lieu of a continuing disability review, whenever the Commissioner determines that an individual's case is subject to a redetermination under this clause.

With respect to any redetermination under this clause, *paragraph (4) [the medical improvement standard (42 U.S.C.§1382c(a)(4))] shall not apply.* (emphasis supplied).

7

Under current law when a child who is receiving SSI attains 18 years of age, the agency reviews the transition to adult SSI applying the 5-step sequential evaluation from 20 C.F.R. §416.920(c)-(g).[5]  Medical improvement is not a factor for consideration since the concept of redetermination is to treat the transition to adult SSI as a new application.  See 20 C.F.R. §416.987(b)("[W]e will not use the rules in § 416.994 for determining whether disability continues.") (See note 1); 42 U.S.C. §1382c(a)(3)(H).  For this reason alone it is clear that when the Commissioner argues that substantial evidence shows medical improvement in Wagner's condition, this argument contradicts the ALJ's decision since the ALJ had expressly relied on 42 U.S.C. §1382(a)(3)(H), and 20 C.F.R. §416.987(b), both of which specifically exclude a finding on medical improvement. This is in addition to the ALJ's failure to address medical improvement in his decision. (Tr. 11-19).

 D. *Grandfathering under the PRWORA:*

Wagner, who was born in October 1975, was 28 years of age when the ALJ determined that her disability ended on June 1, 2004. (Tr. 19). She had attained the age of 18 in October 1993. The PRWORA was enacted on August 22, 1996.  Wagner argues that she was denied protection under grandfathering of pre-PRWORA claims in accordance with Program Operations Manual System (POMS) DI 28005.016, the Social Security Commissioner's exemption to

---

[5]  This 5-step sequential evaluation for redetermination differs from the conventional sequential evaluation conducted under 20 C.F.R. §416.920(a)(4)(i)- (v). As noted by the ALJ, instead of commencing with whether claimant is engaged in substantial gainful work activity (§416.920(a)(i)), this evaluation begins with the question whether there is a medically severe impairment (See 20 C.F.R. §416.920(c)), followed by whether the beneficiary has an impairment which meets or equals a listed impairment from the Listing of Impairments of Appendix 1. (Tr. 12); See 20 C.F.R. §416.920(d). At the third step the ALJ is to assess the beneficiary's residual functional capacity for use at the fourth and fifth steps of whether the beneficiary can perform past relevant work or any other work. See 20 C.F.R. §416.920(e)-(g). Essentially this test separates the conventional evaluation's fourth step into its third and fourth steps. Compare 20 C.F.R. §416.920(a)(4)(iv).

disability redeterminations for childhood SSI benefits to children who attained age 18 before August 22, 1996.  This section of the manual instructs the reviewer to apply the adult sequence of continuing disability review, and goes on to explain in detail the application of the medical improvement standard.   POMS "sets out procedures for day-to-day operation of all programs administered by the Social Security Administration." *Day v. Shalala,* 23 F.3d 1052, 1062 (6th Cir.1994).  "While these administrative interpretations [POMS] are not products of formal rulemaking, they nevertheless warrant respect . . ." *Washington Dep't of Soc. Servs. v. Keffeler*, 537 U.S. 371, 385, 123 S.Ct. 1017, 154 L.ed.2d 972 (2003).  The POMS is available through http://www.ssa.gov.


*E. Argument and Analysis:*

The Commissioner chooses to ignore the elephant in the room and charges directly into why the ALJ's decision was supported by substantial evidence.  Never mind that the critical steps of the sequential evaluation process for continuing disability review were omitted. The ALJ's decision was obviously flawed beginning with the first finding that Wagner was notified that she was no longer disabled based on a redetermination of disability under the rules for adults who file new applications (Tr. 13). That is incorrect.

The redetermination regulation requires notice *in advance* that the agency is conducting disability redetermination, and the contents of this notice are specified, including the reasons for redetermination, the disability rules to be applied, that the redetermination may result in termination of SSI payments, and claimant has the right to submit medical or other evidence for

9

consideration during the redetermination. See 20 C.F. R. §416.987(d). Such advance notice was not provided to Wagner. Instead, Wagner received only a "Notice of Disability Cessation" dated June 24, 2004 informing her that she was no longer disabled as of June 2004, due to improvement in her health and that her last SSI check would be for August 2004, and the notice lacked the requisite contents. (Tr. 42-43). [6]

The Commissioner's decision as adopted from the ALJ is clearly based on the application of incorrect legal standards. The ALJ performed a "redetermination" in a matter that had been brought for a *de novo* hearing and decision on termination of SSI benefits on "continuing disability review. " The ALJ erroneously substituted the 5-step evaluation process for redeterminations in place of the 7-step sequential evaluation required under 20 C.F. R. §416.994(b)(5), and in so doing omitted consideration of the key factor of medical improvement necessary prior to termination of SSI benefits.

**V. Vocational Arguments:**

*A. Vocational Expert's Testimony Provided Substantial Evidence Despite Conflict with DOT*:

---

[6] Also it should be noted that initial review of Wagner's appeal was before a Disability Hearing Officer (DHO) where Wagner's claim was treated as a continuing disability review and evaluated for medical improvement, including remarks about the 1993 comparison point decision (CPD). (Tr. 46, 50, 51,52, 53, 58,61, 62, 63, 64, 65). CPD is the shorthand term for 20 C.F.R. §416.994(b)(1)(i)'s "most recent favorable medical decision that you were disabled." The agency refers to the "comparison point decision" for determining medical improvement since "the impairment(s) that was present at the time of the most recent favorable determination or decision as the "CPD impairment(s)." Social Security Ruling (SSR) SSR 05-03p, 2005 WL 6491605, 1. This a part of the Continuing Disability Review Process. See *Veino v. Barnhart*, 312 F.3d 578 (2nd Cir. 2002)(disability termination proceedings commencing with termination notice followed by DHO's decision based on CPD and then ALJ's decision based on medical improvement standard).

10

The ALJ's omission of medical improvement analysis becomes inconsequential if at the seventh step, the ALJ also lacked substantial evidence that Wagner could perform any other work. See 20 C.F.R. §416.994(b)(5)(vii)( 7th Step in CDR) and 20 C.F.R. §416.920(g)( 5th step in redetermination). Wagner contends that the ALJ was required to ascertain whether the vocational expert's testimony was consistent with the *Dictionary of Occupational Titles* (*DOT*), but merely assumed it was contrary to SSR 00-4p. Wagner, though, concedes that the ALJ performed his "affirmative responsibility" under SSR 00-4p to inquire of the vocational expert whether her testimony was consistent with the *DOT* (Tr. 329).  Wagner argues first that the *DOT*'s job descriptions for two of the three jobs identified are inconsistent due to conflict between the vocational expert's testimony based on "occasional stooping" *versus* the *DOT*'s descriptions of theses jobs of bagger and order picker as requiring "frequent" stooping. See DOT 920.687.014; 922.687-058. Wagner's second part of this argument is that the ALJ's finding that Wagner's intelligence was in the lowest fifth percentile of the population conflicts with the *DOT*'s General Learning Ability descriptions for all three jobs identified by the vocational expert.

The Commissioner argues that these inconsistences were not raised at the hearing before the ALJ. Unpublished decisions in this circuit fall back to the position taken in *Conn v. Sect'y of Health & Hum. Servs.*, 51 F.3d 607, 610 (6th Cir. 1995), that the ALJ may rely on vocational testimony that differs from the *DOT*. "Nothing in applicable Social Security regulations requires the administrative law judge to conduct his or her own investigation into the testimony of a vocational expert to determine its accuracy, especially when the claimant fails to bring any conflict to the attention of the administrative law judge." *Ledford v. Astrue,* 2008 WL 5351015, at

*10 (6th Cir. Dec. 19, 2008)(citing *Martin v. Comm'r of Soc. Sec.*, 2006 W L 509393, at *5 (6th Cir. Mar.1, 2006). Accordingly, that aspect of the ALJ's decision is supported by substantial evidence.

*B. ALJ's Hypothetical Question Assigning "Limited Education" was Harmless:*

The ALJ asked the vocational expert to consider Wagner as having a tenth grade Special Education, and required work where instructions were given orally (Tr. 328). Wagner cites to academic achievement testing in the record which indicates that Wagner functioned at much lower levels. Wagner also argues the point that the ALJ's findings included the conclusion that Wagner had a "Limited Education," which as defined under 20 C.F.R. §416.964(b)(3), is "a 7th grade through 11th grade education." The Commissioner responds that this was harmless error since even assuming in arguendo that Wagner's education should have been downgraded to "marginal education" which is equivalent to formal schooling at the 6th grade level or less (See §416.964(b)(2)), agency regulations provide that a marginal education provides the capabilities for performance of simple, unskilled jobs. Although the Commissioner does not specify which regulations, 20 C.F.R. §416.968(a) does state that unskilled work consists of simple duties that can be learned on the job in a short period. Accordingly, that aspect of the ALJ's decision is also supported by substantial evidence. Nonetheless, "[e]ven if supported by substantial evidence . . . a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Wilson v. Commissioner,* 378 F.3d 541, 546-47 (6th Cir. 2004); *Rabbers v. Comm'r of Soc. Sec. Admin.*, 582 F.3d 647, 651 (6th Cir. 2009). Wagner had a substantial right to

12

the 7-step evaluation procedure for termination of benefits and its requirement that benefits cannot be terminated without medical improvement. The ALJ failed to adjudicate this factor and its related considerations.

**VI. Resolution- Remand for Rehearing:**

The only question remaining is whether to grant Wagner's demand to enter judgment reversing the administrative decision without remand for rehearing for a finding of continuing disability. The Commissioner provides no germane argument to the contrary.

Congress has authorized reversal under the fourth sentence of 42 U.S.C. §405(g) "with or without remanding the cause for a rehearing." See *Faucher v. Secretary of HHS*, 17 F.3d 171, 174-75 (6th Cir. 1994)(citing *Sullivan v. Hudson*, 490 U.S. 877, 880, 109 S.Ct. 2248, 104 L.Ed.2d 941 (1989)). The standard for remand in this circuit for an award of benefits had been originally that "[i]n cases where there is an adequate record, the [Commissioner's] decision denying benefits can be reversed and benefits awarded if the decision is clearly erroneous, proof of disability is overwhelming, or proof of disability is strong and evidence to the contrary is lacking." *Mowery v. Heckler,* 771 F.2d 966, 973 (6th Cir.1985)(citing *Lashley v. Secretary of Health and Human Services*, 708 F.2d 1049, 1053-54 (6th Cir. 1983). [7]

---

[7] The Commissioner had the authority under 42 U.S.C. §405(g) as incorporated under §1383(c)(3) to move for remand for further action by the Commissioner before proceeding into litigation of the obviously erroneous final administrative decision. It is surprising that the Commissioner did not avail himself of this motion procedure for pre-adjudication return of the case. Further, it is unfortunate for Wagner that the "clear error" reason for reversal and an award of benefits has been retracted. "Clear error" accurately describes the ALJ's decision and the actions associated with that decision. Wagner's quest for administrative review commenced as an appeal from the termination of benefits resulting from continuing disability review and ended in a belated by-over-a-decade redetermination of child's SSI benefits by the ALJ. Redetermination was not the matter under review, and in any

13

Since *Mowery*, the circuit has retracted the first reason for remand of "clearly erroneous" and tightened the adequate record requirement.  The standard now is that "[a] judicial award of benefits is proper only where the proof of disability is overwhelming or where the proof of disability is strong and evidence to the contrary is lacking," and where no factual issues remain unresolved in the case.  *Felisky v. Bowen*, 35 F.3d 1027, 1041(6th Cir. 1994)(quoting *Faucher v. Secretary of Health & Human Services*, 17 F.3d 171, 176 (6th Cir.1994)). In all other instances remand under the fourth sentence for rehearing is required. See *Faucher*, 17 F.3d at 175-76.

Evidence of disability is not overwhelming or irrefuted and factual issues remain unresolved in this case, so remand for rehearing is required. First, as explained, a portion of the ALJ's vocational findings were supported by substantial evidence at the final step of sequential evaluation of whether Wagner can perform other work.  Second, the Commissioner established that the ALJ's application of the educational criterion for vocational consideration was harmless error.  Finally, before reaching the final step of sequential evaluation, whether there are other occupations within Wagner's residual functional capacity parameters, the appropriate sequential evaluation process that should have, but was not, conducted in accordance with 20 C.F.R. §416.994(b)(5), required  resolution at the second, third, and fourth steps involving medical improvement in Wagner's impairments before addressing whether she can perform other work. These factual issues were not resolved by the ALJ, and the Commissioner's argument on the medical improvement issue is no substitute.

---

event, as explained this type of review process was precluded by the Commissioner's own policy which grandfathered such pre-August 22, 1996 cases.

14

**VII. Conclusion and Recommendation:**

For the foregoing reasons based on the arguments presented, the record in this matter and applicable law, the undersigned finds that the Commissioner's decision denying SSI benefits was based on an incorrect application of law. It is recommended that the administrative decision should be reversed and remanded under the fourth sentence of 42 U.S.C. §405(g) for rehearing on Wagner's request for hearing before an ALJ. The hearing and decision must be as Wagner had intended, as the next step in the administrative review process on June 24, 2004 termination of benefits notice which had been affirmed by the Disability Hearing Officer's decision.


s/James S. Gallas
United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of mailing of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).